UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GRACIE McCAULEY and WILLIAM McCAULEY b/n/f KIM McCAULEY and KEVIN McCAULEY, and KIM and KEVIN McCAULEY, Individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 2:06-CV-412 |
| LAKE COUNTY DEPARTMENT OF CHILD SERVICES, INDIANA DEPARTMENT OF CHILD SERVICES, STATE OF INDIANA, MUNSTER MEDICAL RESEARCH FOUNDATION d/b/a COMMUNITY HOSPITAL, AND UNKNOWN EMPLOYEES OF LAKE COUNTY DEPARTMENT OF CHILD SERVICES AND/OR STATE OF INDIANA DEPARTMENT OF CHILD SERVICES AND/OR STATE OF INDIANA. | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Munster Community Hospital conducted a blood test on Kim McCauley while she was in the hospital having a baby. When that test came back with a false positive result for non-prescribed medication, the hospital contacted the state or county Department of Child Protective Services, which resulted in the baby and his big sister being taken from the McCauley home. Plaintiffs allege that the hospital knew that the initial test results were wrong, yet failed to correct them. In addition to Community Hospital, Plaintiffs have sued the Lake County Department of Child Services ("Lake County DCS"), the Indiana Department of Child Services ("Indiana DCS"), and the State of Indiana (collectively, the "State Defendants").

Plaintiffs sued the State Defendants under 42 U.S.C. § 1983 for unspecified constitutional violations, and also claimed that both the hospital and the State Defendants were negligent.  Plaintiffs subsequently amended their complaint to add unknown individual employees of the three State Defendants.  In the present motion, the State Defendants move for judgment on the pleadings, asserting that they are not "persons" for purposes of § 1983.  For the reasons that follow, Defendants' motion is granted with respect to the constitutional claims, but denied with respect to Plaintiffs' common law negligence claim.

## I. BACKGROUND

For purposes of reviewing Defendants' motion to dismiss, we are required to accept the allegations in Plaintiffs' Amended Complaint as true.  The material allegations are as follows: On October 5, 2005 Kim McCauley gave birth to a son, William, at Defendant Community Hospital in Munster, Indiana.[1]  (Am. Compl. ¶ 2.)  After William was born, Community Hospital performed drug testing on the mother and child, and a laboratory report indicated a positive result for certain drugs in both.  (*Id*. ¶ 3.)  Community Hospital then notified Defendant Lake County DCS, which instituted a Child in Need of Services petition.  (*Id*. ¶¶ 4, 8.)  On October 11, 2005, Lake County DCS removed William and his sister, Grace, from their parents' home.  (*Id*. ¶ 6.)  Plaintiffs allege that at some time before the children were taken, the hospital received

---

[1] The Amended Complaint identifies Kim McCauley as the mother of William McCauley, and states that Grace, or Gracie, is the "other child."  The Amended Complaint does not identify Kevin McCauley, but the Court assumes that, since he is suing in his individual capacity and as next friend to Plaintiffs William and Grace, that he is the father.  This is contradicted by Plaintiffs' initial disclosures, which identify Kevin as a "child removed from the home," and William as the "father of Gracie."  Thus, the Amended Complaint is clearly inconsistent with the disclosures.  For purposes of this motion, we will treat the Plaintiffs as they have been characterized in the Amended Complaint – Kim as the mother of son William and daughter Grace, and Kevin as the father.

2

confirmation that the drug test results were incorrect, indicating false positives for both Kim and William.  (*Id.* ¶ 9.)  Plaintiffs allege that Community Hospital did not correct the test results until a court order was entered ordering them to provide the information.  (*Id.* ¶ 10.)  Although the Amended Complaint does not specifically state that the McCauley children were returned to their parents, the Court infers from the fact that Plaintiffs demand only monetary relief that the children are no longer in state custody.

Plaintiffs filed this civil action in Lake County Superior Court, and the State Defendants removed the suit to federal court. [DE 1 and 2.]  On February 21, 2007, the State Defendants filed a motion for judgment on the pleadings, arguing that they are all arms of the state, which are not "persons" for purposes of § 1983 suits for damages.  Plaintiffs then amended their complaint to add the unnamed employees of the State Defendants who participated in the removal of the children from the home.[2]  The Court then denied the original motion for judgment on the pleadings as moot and gave Defendants leave to refile the motion for judgment on the amended pleadings, which they then did.  [DE 28, 29.] Plaintiffs have not responded to the State Defendants' renewed motion in which they seek to dismiss all claims against the State Defendants.

## II. DISCUSSION

A district court applies the same standard to a motion for judgment on the pleadings as a motion to dismiss – that is, viewing all facts in the complaint in the light most favorable to the plaintiff.  *Hentosh v. Herman M. Finch Univ. of Health Sciences*, 167 F.3d 1170, 1173 (7th Cir.

---

[2] In the meantime, Magistrate Judge Rodovich stayed the claims against Community Hospital pending receipt of an opinion of the Medical Review Panel, as required under the Indiana Malpractice Act, Ind. Code § 34-18-8-4.  [DE 16.]

3

1999).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).  There is no heightened pleading standard for suits seeking relief under § 1983.  *See Leatherman v. Tarrant County Narcotics Intel. & Coord. Unit*, 507 U.S. 163 (1993).

## A.  Section 1983 Claims Against State Defendants

Under § 1983, "[e]very person who, under color of . . . [law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  42 U.S.C. § 1983.  Because Congress did not intend for § 1983 to disturb states' Eleventh Amendment immunity, states are not "persons" liable for damages under the statute.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989).  This principle extends to governmental entities that are considered to be "arms of the state."  *Id*. at 70.  Though the determination of whether a given entity is an arm of the state for § 1983 purposes is ultimately a matter of federal law, "that federal question can be answered only after considering the provisions of state law that define the agency's character."  *Regents of the Univ. of Cal. v. Doe*, 519 U.S.425, 429-30 n.5 (1997).  The primary consideration in this determination is whether judgments against the municipal entity would be paid out of the state treasury.  *Holmes v. Marion County Office of Family & Children*, 349 F.3d 914, 918 (7th Cir. 2003).

None of the three State Defendants in this case may be sued under § 1983.  First, of course, the State itself may not be sued.  Likewise, because "a state agency *is* the state for purposes of the eleventh amendment," *Kroll v. Bd. of Trustees of Univ. of Ill*. 934 F.2d 904, 907 (7th Cir. 1991), the Indiana DCS is not subject to suit under § 1983 either.  *See* Ind. Code 31-25-1-1 (establishing the Indiana DCS and providing that it is to be headed by a director who serves

4

at the pleasure of the governor). Finally, the Lake County DCS is an arm of the State of Indiana for § 1983 purposes. This is because, following the passage of legislation in 2000, the State of Indiana now both fully funds, and is directly responsible for any damages assessed against, Indiana county offices of family and children. Ind. Code § 12-19-1-21; *see also* Ind. Code §§ 12-19-1-8 and 12-19-1-9. All offices of family and children in Indiana are now considered arms of the state for § 1983 purposes. *Holmes*, 349 F.3d at 918-19. The State Defendants are therefore entitled to judgment on the § 1983 claims.

Plaintiffs also allege §1983 violations by unnamed individual employees acting as agents of State Defendants, but do not specify whether they are suing those individuals in their individual or official capacities. (Am. Compl. ¶ 12.) Plaintiffs cannot bring official capacity claims against the employees of State Defendants, because government officials sued in their official capacities are not "persons" under § 1983 in those cases in which the government is not suable in its own name. *Omosegbon v. Wells,* 335 F.3d 668, 672-73 (7th Cir. 2003). In any event, where the plaintiff alleges tortious conduct of an individual acting under color of state law, rather than an unlawful policy or practice, courts will consider a defendant to have been sued in her individual capacity. *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000) (citing *Hill v. Shelander*, 924 F.2d 1370,1373-74 (7th Cir. 1991)). Given that Plaintiffs seek monetary damages, and given the absence of any reference in Plaintiffs' pleadings to an official policy or custom, Plaintiffs' claims against the unnamed employees of State Defendants are most appropriately construed as personal capacity claims. These claims may go forward.[3]

---

[3] The Seventh Circuit has noted that the use of fictitious names for defendants has been routinely approved without discussion. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980). However, Plaintiffs should amend their complaint to name the individual defendants as soon as possible, so that those defendants may receive proper service. Toward that end, the State

**B. State Tort Claims Against State Defendants**

Plaintiffs also claim that Defendants, including State Defendants, were negligent. (Am. Compl. ¶ 11 ("That by virtue of the conduct on the part of the defendant hospital[,] its agents and employees and the State of Indiana, Indiana Department of Child Services, and Lake County Department of Child Services and its agents and employees, the plaintiffs were severely damaged. . . . [P]laintiff is [sic] alleging said conduct was negligent on the part of these parties.").) Although the State Defendants appear to seek judgment on all claims, their only argument pertained to the § 1983 claim, not the state law negligence claim brought against them. The State Defendants have received fair notice of that claim and it moves forward. The State Defendants cannot claim Eleventh Amendment immunity on the claim of negligence given that they voluntarily removed this case to federal court. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 623 (2002) (holding that a state's voluntary invocation of a federal court's jurisdiction through removal waives a state's "otherwise valid objection" to litigation of a state-law claim in a federal forum). Therefore, their motion is denied insofar as it applies to Plaintiffs' state law claim.

### III. CONCLUSION

For the reasons expressed in this Opinion, the Defendants' Motion for Judgment on the Pleadings [DE 29] is hereby **GRANTED IN PART** and **DENIED IN PART**. The § 1983 claims against the State Defendants are **DISMISSED** with prejudice. What remains in this lawsuit are Plaintiffs' § 1983 personal capacity claims against unnamed employees of Defendants, and the state tort claims against the State Defendants, Community Hospital, and unnamed employees of Defendants.

---

Defendants are directed to supply Plaintiff with the names of the employees who participated in removing the McCauley children from their home.

6

**SO ORDERED**.

ENTERED: August 16, 2007

                                            s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT